

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Attention:  Mr. Abner L. Lewis

Dear Sir:                          Opinion No. 0-4818
                                   Re:  Is the Bagmen of Texas, Inc.,
                                        authorized to revise its charter
                                        under Article 1315, Vernon's An-
                                        notated Civil Statutes or renew
                                        the same under Articles 1315a
                                        and 1315b, Vernon's Annotated
                                        Civil Statutes?

        Your letter requesting the opinion of this department
on the above stated question reads as follows:

        "We are forwarding you herein the file of
        Mr. J. P. Stubbs, who seeks an extension of the
        charter of the above captioned corporation.  This
        department has informed Mr. Stubbs on several
        occasions that we are without authority to ap-
        prove and file this extension, for the reason that
        laws inacted subsequent to the incorporation of
        said concern require that they be submitted to
        the Insurance Department.

        "It has been before us several times, the
        applicant insisting that it is a matter for us
        to pass upon.

        "Will you please furnish us with your opin-
        ion as to whether or not we are authorized to ap-
        prove and file this extension of charter."

        The above mentioned corporation was organized and in-
corporated in 1906 as a fraternal beneficiary association under
Chapter 115, Acts of the 26th Legislature, 1899, as amended by
Chapter 86, Acts of the 27th Legislature, 1901.  By the express
terms of the charter, the period of time for which the corpora-
tion was to exist was twenty-five years.  The original charter
expired under its own terms on June 6, 1931.

The purpose clause of the original charter reads as follows:

"This corporation is organized and is to be carried on for the sole benefit of its members and the beneficiaries and not for profit, and the purpose is to promote charity and benevolence among commercial travelers by making provision for the payment of benefits in case of death, from a fund derived from assessments, monthly payments or dues collected from its members."

The Bagmen of Texas, Inc., was organized and incorporated solely as a fraternal beneficiary association and was not incorporated as a benevolent, charitable, educational or missionary undertaking. The corporation did not support any literary or scientific undertaking or maintain a library or promote painting, music or other fine arts. Therefore, Article 1315, Vernon's Annotated Civil Statutes is not applicable to said corporation. In other words the above mentioned corporation is not authorized to revise its charter under the provisions of said Article. (Article 1315, Vernon's Annotated Civil Statutes).

Articles 1315(a) and 1315(b) were enacted by the Forty-fifth Legislature in 1937 and authorize all private corporations incorporated under the general laws of Texas to extend their charters and the corporate existence of any such corporation for an additional period not to exceed fifty years from the expiration date of the original charter, or any extension thereof, with all of the privileges, powers, immunities, right of succession by its corporate name, and rights of property, real and personal, exercised and held by any such corporation at the expiration date, to the same intents and purposes as upon the original incorporation, provided, the extension of the charter is made at any time within ten years prior to the expiration of its charter. Under the facts stated, the above incorporation has no right or legal authority to extend its charter under the provisions of Articles 1315(a) and 1315(b), supra.

Article 1387, Vernon's Annotated Civil Statutes provides in part:

"A corporation is dissolved: 1. By the expiration of the time limited in its charter.........."

It is stated in Thompson's "On Corporations", Volume 8, page 599:

"A corporation is dissolved ipso facto and
its powers as a corporate entity ceases on the
expiration of the period of the time stated in
the charter or governing statute. It is dead in
law and its existence as a corporation can only
be continued thereafter by Legislative action.
. . . . ."

It is further stated in Thompson's "On Corporations",
in the above mentioned volume on page 584:

"Literally speaking, the dissolution of the
corporation is its legal death. In other terms,
the dissolution of the corporation is such a
termination of the entity as ends its capacity
to act as a corporate body."

In view of the foregoing we respectfully answer the above
stated question in the negative.

We are returning herewith all of the instruments attached
to your inquiry.

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc
Encl.


APPROVED SEP 14, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman